UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES ALAN BELLAMY,

        Petitioner,         Case No. 1:06-cv-599

v.        Honorable Gordon J. Quist

CINDI CURTIN,

        Respondent.
_____/

## REPORT AND RECOMMENDATION

        This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254.  Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243.  If so, the petition must be summarily dismissed.  Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face).  A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false.  *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999).  After undertaking the review required by Rule 4, I recommend that the petition be dismissed because it lacks merit on its face.

**Procedural History**

Petitioner is incarcerated in the Oaks Correctional Facility. Petitioner was convicted in the Gratiot County Circuit Court of second-degree criminal sexual conduct, subsequent offense, MICH. COMP. LAWS 750.520c(1)(a) (child under thirteen years of age), MICH. COMP. LAWS § 750.520f. On January 30, 2004, the trial court sentenced him as a second habitual offender to imprisonment of fifteen years to twenty-two-and-a-half years. Petitioner raised several claims in the Michigan Court of Appeals, including the following claim concerning his sentence:

> MR. BELLAMY IS ENTITLED TO RESENTENCING WHERE THE COURT APPLIED IMPROPER SUBSTANTIAL AND COMPELLING REASONS FOR A GUIDELINES DEPARTURE, AND THEN IMPOSED A DISPROPORTIONATE SENTENCE. IN ADDITION, IMPROPER JUDICIAL FACT-FINDING RAISED THE SENTENCE, IN VIOLATION OF THE FEDERAL AND STATE CONSTITUTION.

The Michigan Court of Appeals affirmed Petitioner's conviction and sentence in an unpublished opinion issued on June 21, 2005. *People v. Bellamy*, No. 254586, 2005 WL 1459509 (Mich. Ct. App. June 21, 2005). Petitioner applied for leave to appeal in the Michigan Supreme Court, raising only the above claim. The supreme court denied Petitioner's application for leave to appeal on January 27, 2006. *People v. Bellamy*, No. 129272, 708 N.W.2d 382 (Mich. Jan. 27, 2006). Petitioner now raises the same sentencing claim in his application for habeas corpus relief.

**Standard of Review**

This action is governed by the Antiterrorism and Effective Death Penalty Act, PUB. L. 104-132, 110 STAT. 1214 (AEDPA). *See Penry v. Johnson*, 532 U.S. 782, 791 (2001). The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). The AEDPA has "drastically changed" the nature of habeas review. *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir.

2001). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This Court may consider only the "clearly established" holdings, and not the dicta, of the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Bailey*, 271 F.3d at 655. This Court also may not consider decisions of lower federal courts in determining whether the state decision is contrary to, or an unreasonable application of, clearly established federal law. *Bailey*, 271 F.3d at 655; *Harris v. Stovall*, 212 F.3d 940, 943 (6th Cir. 2000). Thus, the inquiry is "limited to an examination of the legal landscape as it would have appeared to the Michigan state courts in light of Supreme Court precedent at the time [the petitioner's] conviction became final." *Onifer v. Tyszkiewicz*, 255 F.3d 313, 318 (6th Cir. 2001).

A decision of the state court may only be overturned if (1) it applies a rule that contradicts the governing law set forth by the Supreme Court, (2) it confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a different result; (3) it identifies the correct governing legal rule from the Supreme Court precedent but unreasonably applies it to the facts of the case; or (4) it either unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply or unreasonably refuses to extend a principle to a context where it should apply. *Bailey*, 271 F.3d at 655 (citing *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694; *Lancaster v. Adams*, 324 F.3d 423, 429

(6th Cir. 2003). A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams*, 529 U.S. at 411; *accord Bell*, 535 U.S. at 699. Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Williams*, 529 U.S. at 410.

## **Discussion**

Petitioner claims that the trial court departed upward from the sentencing guidelines without stating a "substantial and compelling" reason, as required by MICH. COMP. LAWS § 769.34. He further claims that his sentence was disproportionate under the analysis enunciated by the Michigan Supreme Court in *People v. Milbourn*, 461 N.W.2d. 1 (Mich. 1990). The Michigan Court of Appeals rejected Petitioner's claims, stating:

> [D]efendant argues that the trial court erred by departing upward from the sentencing guidelines in this case and in its scoring of offense variable (OV) 11. We disagree. A key reason for the trial court's upward departure from the sentencing guidelines was that defendant was twice convicted of sexually assaulting a child who, in essence, was in a familial relationship to him (in this case, the child was the niece of defendant's girlfriend, and in a prior case, the child was defendant's stepdaughter). The court stated that the guidelines did not adequately measure the severe psychological trauma suffered by the victim, the emotional trauma suffered by the victim's family, and the fact that defendant is a pedophile and rehabilitation is unlikely. With regard to the latter factor, the court noted that despite the fact that defendant served a prison term for his prior conviction, and he admits knowing that what he did in this case was wrong and that he felt ashamed at the time he did it, he was unable to restrain himself. Consequently, defendant should be incarcerated for as long as possible to protect society.
>
> These factors were objective and verifiable. *People v Babcock,* 469 Mich 247, 264; 666 NW2d 231 (2003). While defendant emphasized that his previous CSC conviction was already taken into account, the guidelines variables did not consider defendant's pattern of sexually assaulting children who were effectively, although not technically, in a familial relationship to him. As the court noted, a person who

> has twice sexually assaulted young children in such circumstances raises concerns of pedophilia and poses a particular danger to children. This was a substantial and compelling reason to depart from the sentencing guidelines, i.e., a factor that should keenly or irresistibly grab one's attention and is of considerable worth in deciding the length of defendant's sentence. *Id*. at 257. Accordingly, the trial court did not abuse its discretion in its upward departure from the sentencing guidelines. Further, we reject defendant's argument that the sentence was disproportionate to the seriousness of his conduct and his criminal history. *Id*. at 264.

*Bellamy*, 2005 WL 1459509, at *4.

Petitioner fails to assert a violation of his federal rights. Under *Milbourn*, the sentencing court must exercise its discretion within the bounds of Michigan's legislatively prescribed sentence range and pursuant to the intent of Michigan's legislative scheme of dispensing punishment according to the nature of the offense and the background of the offender. *Milbourn*, 461 N.W.2d at 9-10. It is plain that *Milbourn* was decided under state, not federal, principles. *See Lunsford v. Hofbauer*, No. 94-2128, 1995 WL 236677, at * 2 (6th Cir. Apr. 21, 1995); *Atkins v. Overton*, 843 F. Supp. 258, 260 (E.D. Mich. 1994). In addressing a claim that a sentence violated *Milbourn* proportionality, the Sixth Circuit stated that the issue was a matter of state law and that there was "no violation of a constitutional right because the United States Constitution contains no strict proportionality guarantee." *Lunsford*, 1995 WL 236677, at *2 (citing *Harmelin v. Michigan*, 501 U.S. 957, 965 (1991) and *United States v. Hopper*, 941 F.2d 419, 422 (6th Cir. 1991)); *Terry v. Trippett*, No. 94-2077, 1995 WL 469424, at *1 (6th Cir. Aug. 7, 1995) (same). The "substantial and compelling" requirement also is a creation of state, not federal law. Thus, Petitioner's claims involve issues of state law that are not cognizable in a habeas corpus action.

Petitioner also claims that the trial court violated his Sixth Amendment rights by scoring the sentencing guideline variables to increase the guideline range based upon facts that were not determined by the fact-finder beyond a reasonable doubt. Petitioner relies upon *Blakely v.*

*Washington*, 542 U.S. 296 (2004), which held that other than the fact of a defendant's prior conviction, any fact that increases or enhances a penalty for an offense beyond the prescribed statutory maximum must be submitted to the jury and proven beyond a reasonable doubt. 542 U.S. at 301 (citing *Apprendi v. New Jersey,* 530 U.S. 466, 490 (2000)). With regard to the alleged scoring errors, the Michigan Court of Appeals held:

> Defendant also challenges the scoring of OV 11 because it was based on the trial court's finding that defendant sexually penetrated the victim, i.e., engaged in cunnilingus with her, despite the fact that the jury acquitted him of first-degree CSC. Contrary to defendant's argument, the scoring of the sentencing guidelines does not need to be consistent with the jury verdict. *People v Perez*, 255 Mich App 703, 712-713; 662 NW2d 446, aff'd in part and vacated in part on other grounds 469 Mich 415; 670 NW2d 655 (2003).
>
> Defendant further argues that the trial court erred with regard to the scoring of OV 11 by making findings of fact that were required to be made by a jury, *Blakely v Washington*, 542 US ___; 124 S Ct 2531, 2536; 159 L Ed 2d 403 (2004). However, the Court in *Blakely* specifically limited its holding to determinate sentencing schemes. *Id.* at 542 US ___; 124 S Ct 2540. Further, our Supreme Court has held that *Blakely* is inapplicable to the Michigan sentencing guidelines. *People v Claypool*, 470 Mich 715, 730 n 14; 684 NW2d 278 (2004).

*Bellamy*, 2005 WL 1459509, at *5.

The Michigan Court of Appeals correctly found that Petitioner's reliance on *Blakely* is misplaced. *Blakely* involved a trial court's departure from the State of Washington's determinate sentencing scheme. Michigan, by contrast, has an indeterminate sentencing system in which the defendant is given a sentence with a minimum and a maximum sentence. In Michigan, the maximum sentence is not determined by the trial judge but is set by law. *See People v. Drohan,* 715 N.W.2d 778, 789 (Mich. 2006); *People v. Claypool,* 684 N.W.2d 278, 286 n.14 (Mich. 2004) (citing M℩CH. C℩OMP. L℩AWS § 769.8). The minimum sentence for a defendant is based on the applicable sentencing guidelines ranges. *Id.* Under Michigan law, only the minimum sentence must presumptively be set within the appropriate sentencing guidelines range. *See People v. Babcock,* 666

N.W.2d 231, 237 n.7 (Mich. 2003) (citing MICH. COMP. LAWS § 769.34(2)). The trial judge sets the minimum sentence, but can never impose a sentence greater than the statutory maximum. *Drohan,* 715 N.W.2d at 789; *Claypool,* 684 N.W.2d at 286 n.14. The decision in *Blakely* has no application to Petitioner's sentence because Michigan's sentencing scheme provides for indeterminate sentences. *Blakely*, 542 U.S. at 308-09. Indeterminate sentencing schemes, unlike determinate sentencing schemes, do not infringe on the province of the jury. *Id.* In *Drohan*, the Michigan Supreme Court concluded that *Blakely* does not apply to Michigan's indeterminate sentencing system. *Drohan*, 715 N.W.2d at 791-92. Because *Blakely* does not apply to Michigan's indeterminate sentencing scheme, the trial court's scoring of the sentencing guidelines did not violate Petitioner's Sixth Amendment rights. *See Pettiway v. Palmer*, No. 1:06-cv-132, 2006 WL 1430062, at *1 (W.D. Mich. May 23, 2006); *Stanley v. Jones,* No. 1:06-cv-49, 2006 WL 1459832, at *2 (W.D. Mich. May 23, 2006); *George v. Burt,* No. 2:04-cv-74968, 2006 WL 156396, at *5 (E.D. Mich. Jan. 20, 2006); *Walton v. McKee,* No. 2:04-cv-73695, 2005 WL 1343060, at *3 (E.D. Mich. June 1, 2005). Accordingly, the decision of the Michigan Court of Appeals was not an unreasonable application of clearly established Supreme Court precedent.

## **Recommended Disposition**

For the foregoing reasons, I recommend that the habeas corpus petition be dismissed pursuant to Rule 4 because it lacks merit on its face. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).

Dated: January 11, 2007             /s/ Hugh W. Brenneman, Jr.
                                    Hugh W. Brenneman, Jr.
                                    United States Magistrate Judge

## **NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).